UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

**3:26-cv-50238**
**District Judge Rebecca R. Pallmeyer**
**Magistrate Judge Michael F. Iasparro**

MATTHEW GREEN,

Plaintiff,

v.

THE MARTIN-BROWER COMPANY, L.L.C.,

Defendant.

RECEIVED

JUN 11 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No. _____

Judge _____

## COMPLAINT FOR RETALIATION UNDER SECTION 11(c) OF THE OCCUPATIONAL SAFETY AND HEALTH ACT

Plaintiff, Matthew Green, states as follows:

PARTIES

1. Plaintiff Matthew Green resides at 324 South Central Avenue, Rockford, Illinois 61102.

2. Defendant The Martin-Brower Company, L.L.C. conducts business in Illinois and Wisconsin. Plaintiff was employed at Defendant's facility located at 729 Executive Drive, Whitewater, Wisconsin 53190.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically Section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c).

2. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts business in this District and a substantial part of the events giving rise to this action occurred within this jurisdiction.

## FACTUAL ALLEGATIONS

1. Plaintiff was employed by Defendant as an order selector.

2. On October 7, 2025, Plaintiff sustained a workplace injury.

3. On October 16, 2025, Plaintiff signed an Employee Acknowledgment confirming his participation in Defendant's modified-duty program through Sheakley. Plaintiff performed alternative duties assembling greeting cards and paracord lanyards for Operation Gratitude.

4. During this transitional-duty assignment, Plaintiff was harassed by management during his medically required breaks.

5. On January 2, 2026, Plaintiff's physician issued updated medical restrictions.

6. On January 6, 2026, Defendant issued a written Transitional Duty Agreement offering Plaintiff up to 90 days of transitional duty consistent with his restrictions. Plaintiff accepted the offer in writing.

7. The Transitional Duty Agreement confirms that Defendant was able to accommodate Plaintiff's restrictions.

8. On January 8, 2026, Plaintiff received a denial of workers' compensation benefits.

9. On January 9, 2026, Plaintiff asserted his rights regarding the denial of benefits.

10. On the same day Plaintiff asserted his rights, Defendant informed him that it could no longer accommodate his restrictions.

11. Defendant's reversal occurred three days after issuing the Transitional Duty Agreement and one day after Plaintiff engaged in protected activity.

12. On February 17, 2026, the Wisconsin Department of Workforce Development (DWD) issued a determination finding that Plaintiff was discharged when Defendant could no longer accommodate his restrictions and that he was not discharged for misconduct.

13. DWD allowed Plaintiff's unemployment benefits, which cannot be granted to an individual who remains employed.

14. Defendant falsely informed OSHA that Plaintiff "remained employed," contradicting the DWD determination.

15. Plaintiff suffered an adverse employment action as a direct result of his protected activity.

## CAUSE OF ACTION

### Count I – Retaliation in Violation of Section 11(c) of the OSH Act

1. Plaintiff realleges paragraphs 1 through 19.

2. Plaintiff engaged in protected activity by reporting a workplace injury and asserting his rights under workers' compensation law.

3. Defendant retaliated against Plaintiff by terminating his employment.

4. Defendant's conduct violated 29 U.S.C. § 660(c).

5. Plaintiff suffered damages including lost wages, emotional distress, and loss of benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award the following relief:

A. Compensatory damages in the amount of $3,000,000;

B. Reinstatement or, in the alternative, front pay;

C. Back pay and lost benefits;

D. Punitive damages;

E. Costs of suit and any other relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Matthew Green

324 South Central Avenue

Rockford, Illinois 61102

Email: greenmatthew@myyahoo.com

Phone: _____



## Offer of Transitional Duty

January 6, 2026

Dear Matt:

We received your medical information from Donald Berry from your office visit on 1/2/2026, outlining the restrictions under which you can return to work. Unfortunately, with these restrictions, you are unable to perform the essential functions of your position of order selector. However, the Company can offer you temporary transitional duty for up to 90 days under its Transitional Duty Program as an alternative to a leave of absence in order to allow you to return to work. Martin Brower will abide by the physical limitations as outlined by the physician. The company will only assign tasks consistent with your physical abilities, knowledge and skills and will provide training if necessary.

1. Job duties will be within the work restrictions, and you will work a maximum of 10 hours (unless your restrictions prohibit this) based on an agreed upon schedule
2. Your pay has been discussed with you.

Employee's Acknowledgement and Response:

____ ✓ I have read and understand the requirements of the temporary transitional duty and **accept** the offer.

____ I have read and understand the requirements of the temporary transitional duty but **do not accept** the offer. I understand the consequences of not accepting this assignment and that the company cannot guarantee that other work will be available.

_____  1/6/26

Signature Date Signed

**U.S. Department of Labor**     Occupational Safety and Health Administration
Washington, D.C. 20210



June 11, 2026

Matthew Green
324 South Central Avenue
Rockford, IL 61102
Email: greenmatthew@myyahoo.com

Re: The Martin-Brower Company, L.L.C./Green/301069722

Dear Matthew Green:

This letter is in response to your February 26, 2026, request for review (RFR) of the decision to dismiss your complaint against The Martin-Brower Company, L.L.C. (Respondent).

The investigative records reflect that you filed a complaint against Respondent on January 12, 2026, alleging that Respondent terminated you in retaliation for engaging in protected activity; specifically, reporting a workplace injury and raising safety concerns. The Chicago Regional Office determined that you remained employed by Respondent and had not suffered an adverse action. Consequently, it dismissed your complaint on February 26, 2026.

The Directorate of Whistleblower Protection Programs completed a review of the investigative case file and determined that there was no adverse action established under Section 11(c) of the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. §660(c).

Please note that this is the final determination of the Secretary of Labor; your case is now closed.

Sincerely,

*Stacy McGuire*

*for* Jennifer S. Rous, Director
Directorate of Whistleblower Protection Programs

cc:     Regional Office
        Respondent